## DERBES v. DIXIE MILL SUPPLY CO., INC.

———

(October 21, 1929. Opinion and Decree.)

———

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff, appellee.

Milling, Godchaux, Saal & Milling, of New Orleans, and Lawrence K. Benson, of Hammond, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit by a public accountant for $1,200 on a quantum meruit. The answer admits the employment of plaintiff but denies any indebtedness. There was judgment below in plaintiff's favor in the sum of $450, and defendant has appealed.

In July, 1920, the defendant corporation employed plaintiff in connection with the abatement of certain additional income taxes assessed by the United States against the defendant for the year 1917, amounting to $23,790.52. With the exception of a small item of $573.13, which was conceded, the assessment related to an item of salary of defendant's president for the year 1917, which was. charged on its books at $53,099.21 and reduced by the government officials for income tax purposes to $16,000.

The services for which this suit is brought were largely rendered by an employee of plaintiff, George P. Eberle, and consisted of consultation with defendant and its counsel and the making of two trips to Washington, where the matter was discussed with the Commissioner of Internal Revenue; one of these trips being taken with M. E. Cahn, defendant's president, and the other with John Marks, one of its attorneys. Plaintiff, Derbes, however, was active in the matter on one occasion when he succeeded in making arrangements with the local collector of internal revenue, whereby a seizure of defendant's property was averted and a surety bond accepted as security, but he claims rather too much credit, since he adopts as his own a letter prepared by counsel for defendant and introduced in evidence by him as his own composition, for which letter he claims the merit of having caused the favorable outcome of defendant's claim for abatement.

The position of defendant is that the personal services of Derbes were inconsequential, and that the whole matter was handled by Eberle, his employee, with whom an agreement was made whereby the sum of $200 paid to Eberle for Derbes' account was accepted as payment in full for all services rendered. Eberle, testifying as a witness for defendant (his connection with plaintiff having been unpleasantly terminated), corroborates defendant's contention as to the settlement; but the authority of Eberle to act for Derbes in this respect is denied. Defendant's learned counsel refer us to several cases which deal with the question of implied authority of an agent to bind his principal, but we are of opinion that these authorities are not applicable here, for the reason that, before the arrangement for settlement of plaintiff's claim with Eberle was made, the defendant was in possession of a letter from the plaintiff stating that he claimed $1,200 as compensation, which letter was written by Derbes after consultation with Eberle, who had been requested by the defendant corporation to find out the cost of plaintiff's services. The sum mentioned in the letter was calculated upon the continued service of Derbes until the final disposition of the matter, whereas Eberle's settlement involved only compensation for past services, and no further calls were to be made upon plaintiff for assistance. But defendant knew of the limitation of Eberle's authority, because of the letter in its possession, the writing of which it itself had invoked. Defendant dealt with Eberle at its peril so far as the settlement was concerned. We conclude on this point that the settlement made with Eberle was not binding upon the plaintiff, and we view the case

as one involving only the value of the services rendered by plaintiff and his employee.

We think $200, the amount received by plaintiff, is insufficient compensation. It is true, as plaintiff contends, that defendant was represented by able counsel, to whom it paid a total of $850, and that plaintiff's only function was accountancy; but it is in evidence that at that time accountants enjoyed preferment over lawyers in matters involving the assessment of additional income tax, though the situation has happily changed in the meantime; lawyers now being practically in charge of the field. There is also testimony in the record of a number of accountants of wide experience and good standing in their profession, who value the services of plaintiff at figures considerably greater than the amount claimed in this suit, and then, too, as a result of the joint effort of legal counsel and plaintiff, without undertaking to estimate the contribution of each to the result, there was a saving to the defendant corporation, by reason of the successful outcome of the joint undertaking, of $17,562.61. We are inclined to believe that plaintiff's efforts and services were a factor in the success of defendant corporation. It is apparent that they were considered of sufficient importance to have plaintiff's employee, accompanied by a representative of defendant, make two trips to Washington; but on the other hand we are not inclined to place a value on plaintiff's services disproportioned to that allowed legal counsel, and are of opinion that $450 would be a proper allowance. Plaintiff having received $200, he should have judgment for $250.

For the reasons assigned, the judgment appealed from is amended so as to reduce the amount allowed plaintiff to $250, and, as thus amended, affirmed.