## DERBES v. DIXIE MILL SUPPLY CO., INC.

---

(December 15, 1930. Opinion and Decree.)
(February 2, 1931. Rehearing Refused.)
(March 30, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

---

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff, appellee.

Milling, Godchaux, Saal & Milling, Irving R. Saal and Lawrence K. Benson, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. In January, 1922, Albert J. Derbes filed suit against the Dixie Mill Supply Company, Inc., claiming $1,000 as a balance due for services as certified public accountant. There was judgment in the district court in his favor in the sum of $450, "together with legal interest and costs," which, upon appeal to this court, was reduced to $250 and otherwise affirmed. See Derbes v. Dixie Mill Supply Co., Inc., 11 La. App. 522, 124 So. 316. After the usual delay, the judgment became final, and, when an attempt was made to execute it, a dispute arose as to whether the interest which had been allowed in the judgment should begin to run from judicial demand or from the date of judgment; plaintiff contending for the former and the defendant for the latter interpretation. By consent of both parties, the question was submitted on rule to the Honorable Walter L. Gleason, judge of division D of the civil district court, who, after hearing the parties, determined that the interest should run from judicial demand, and from his judgment so decreeing defendant has appealed.

Considerable discussion is indulged in by both counsel in their briefs concerning the original right of plaintiff to claim interest in view of article 554 of the Code of Practice and Act No. 206 of 1916 and decisions of the Supreme Court and of this court interpreting that legislation, but, in our opinion, the question of whether plaintiff was originally entitled to interest or not is unimportant, since he can only now claim what the judgment gave him. In other words, whether the judgment awarded him more or less than he was entitled to is no longer subject to discussion; the time for complaining of that decree having long since elapsed. The only question now before us is what the judgment may fairly be held to mean; in other words, simply a question of an interpretation of the judgment as rendered. Appellant argues that an ambiguous provision in a judgment should be construed with reference to the pleadings, and that since, in the body of his petition, he alleged that interest was due from judicial demand, the judgment should be so construed as to award it. Opposing counsel contend that the judgment is not ambiguous and consequently no necessity exists for reference to the pleadings. It will be recalled that the judgment allows interest, but is silent as to the date of computing it. The argument that, in this situation, the date when the judgment was rendered should be the starting point, would have much persuasive effect if the question could be considered as an open one. But we find that it has been determined by the Supreme Court many years ago, in the case of Keenan v. Whitehead, 15 La. Ann. 333, where, in the syllabus, which was at that time written by the court, it is said that, "where a judgment on a debt, arising ex contractu, decrees interest, but is indefinite as to the time when it commences to run, the interest decreed must be considered as commencing on the day that the suit was instituted." Referring to this case, counsel direct our attention to the fact that the judgment under consideration in the Keenan case read "with interest from the 15th day of December," and that, since the suit was instituted on the 15th day of December, 1859, and decided sometime in March, 1860, the only date that could have been referred to in the judgment was December 15, 1859, which happened to be the day on which the petition was filed, since a year had not elapsed; in other words, the omission of the year was supplied by interpretation, and that the expression in the "syllabus"

of the opinion must be disregarded, because unnecessary to the decision of the case. We cannot agree with counsel in this respect, and feel that the Keenan case is controlling here. No matter whether December 15, 1859, was the only date that could be determined upon or not, the fact remains that the court held that interest should be allowed from judicial demand under circumstances which cannot be distinguished in principle from the instant case.

The judgment appealed from, for the reasons assigned, is affirmed.

JANVIER, J. (dissenting). My associates are of the opinion that the question here presented is no longer an open one, having been settled by the Supreme Court in Keenan v. Whitehead, 15 La. Ann. 333.

I do not find that the views expressed in the syllabus in that case were necessary to a decision, and the acceptance of that decision as determinative of the question involved here would establish a principle of which I cannot approve; i. e., that interest on a judgment which allows interest, but which fails to fix the time at which it shall commence to run is, in all cases, collectible from the date of judicial demand.

In Keenan v. Whitehead, supra, the judgment as rendered read in part "with interest from the 15th day of December, at the rate of five per cent per annum." In interpreting that judgment, it appeared that only one December 15th had intervened between the filing of the suit and the rendering of the judgment, and also that the judgment was rendered on a debt arising ex contractu, and that, for both of these reasons, the December 15th intended was of the year in which the suit had been filed. Manifestly no other December 15th could have been intended.

It was not necessary for the court to say, as it did say in the syllabus that, "where a judgment on a debt, arising ex contractu, decrees interest, but is indefinite as to the time when it commences to run, the interest decreed must be considered as commencing on the day that the suit was instituted."

I believe that the court, in the preparation of the syllabus, overlooked the fact that it was much broader than was necessary and might establish an incorrect principle.

I am of the opinion that, where a judgment reads with interest and does not specify the date on which interest shall commence to run, it can be reasonably interpreted only as meaning with interest from the date of judgment.

I therefore respectfully dissent.