STOKER, Judge.
The issue in this case is whether interest is legally owing on a judgment fixing expert witness fees taxed as costs in an expropriation matter.[1] Lafayette Airport Commission and Lafayette Parish Police Jury were the expropriating authorities. The trial court awarded interest on the expert fees from date of judicial demand until *248 paid. Lafayette Airport Commission urges as its principal assignment of error the award of interest because the defendants in the expropriation failed to pray for interest in their prayers for relief contained in their answers filed in response to the expropriation proceeding. Defendants, J. Maxine Roy, Sr. et. al., filed their answer on November 7, 1967, and defendant, Acadian Development Corporation filed its answer on January 30, 1967.
The interest awarded by the trial court was provided for in a judgment rendered by it March 12,1975, relating to expert witness fees, and this court affirmed the award of certain of the expert fees and rejected some. 328 So.2d 182. Appellants then declined to pay interest on the expert witness fees. On June 29, 1976, appellants deposited $19,608.00 in the registry of the court to cover the expert fees taxed as costs along with $224.50 in stenographer’s costs for the benefit of the parties entitled to the sums.
The judgment creditors in whose favor the judgment of March 12, 1975 ran comprise two groups who will be referred to simply as the “Roy Heirs” and “Acadian”. These judgment creditors filed a rule in the trial court on July 20, 1975. The object of the rule was to require appellant, Lafayette Airport Commission, to deposit in the registry of court interest due from November 8, 1966 on the sum of $9,755.00 and from January 31, 1967 and on the sum of $9,853.00 at the rate of five (5%) per annum and for costs of the rule.[2]
The trial court ruled in favor of Acadian and the Roy Heirs and judgment was signed on September 27, 1976.[3]
The Lafayette Airport Commission appealed devolutively from the judgment of September 27, 1976. This appeal brings up the issues presently before the court.
The pertinent language of the March 12, 1975 judgment of the trial court reads as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the expert fees below listed be and the same are hereby taxed as costs of court to be paid by plaintiff herein, together with legal interest from date of judicial demand until paid, to-wit: [Emphasis supplied.]
The decree of this Court of Appeal in 328 So.2d 182 at page 188 reads in part as follows:
The judgment of the trial court fixing the expert fees and taxing them as court costs to be paid by [the Airport Commission] is affirmed in all respects, except with reference to the awards to Thomas S. Broyles and Ralph L. Davenport, which must be deleted from that judgment. All costs are assessed against appellant, the Lafayette Airport Commission. [Emphasis Supplied.]
Were we to grant, arguendo, the validity of the argument that in a case of this nature interest may not be allowed where it was not prayed for, Lafayette Airport Commission can not avail itself of this proposition at this stage. The judgment awarding the interest and expert witness fees was appealed to this court and acted upon as reported in 328 So.2d 182. Rehearings were denied March 4, 1976. It is too late now to go behind the judgment. It has acquired the status of a thing adjudged. It is res judicata. Art. 2286, Louisiana Civil Code. The trial court correctly decided the rule.
Appellant Airport Commission urges that, if it can not be given relief on legal grounds, we should exercise “equitable jurisdiction” to review this final judgment. We can not. Derbes v. Dixie Mill & Supply Company, 16 La.App. 6, 131 So. 692 (Orl.1930).
One of the contentions raised in brief and in oral argument on behalf of *249 Lafayette Airport Commission is that the March 12, 1975 trial court judgment is unenforceable as to interest because it is vague and ambiguous. It is argued that vagueness and ambiguity result because there is no certain date from which the interest can be said to begin to accrue. This is on the ground that interest was never demanded on any date. Appellant suggests several dates marking stages of this litigation that might possibly be selected as the date on which interest could conceivably be held to have begun to accrue. It then argues for and against each such date to prove that the provision for interest is vague and ambiguous. We see no vagueness or ambiguity.
The March 12, 1975 judgment explicitly provides for interest from date of judicial demand. Clearly this means the dates of the principal demands, the two separate dates on which the Roy Heirs and Acadian filed their answers or pleadings asserting demands in response to the expropriation proceeding. The dates are November 7, 1966 in the case of the Roy Heirs and January 30, 1967 in the case of Acadian. See Derbes v. Dixie Mill Supply Company, supra.
For the reasons assigned the trial court judgment of September 27, 1976 is affirmed.[4] All costs are to be assessed against appellant, Lafayette Airport Commission.

AFFIRMED.

. This litigation has been before this court on two prior occasions. Lafayette Airport Commission et. al. v. J. Maxine Roy et al., 265 So.2d 459 (La.App. 3rd Cir. 1972), writs refused September 27, 1972 and in 328 So.2d 182 (La.App. 3rd Cir. 1976).

. These principal sums on which interest is claimed are for the Roy Heirs and Acadian respectively and the dates from which they are claimed are from the dates of their answers asserting judicial demand.

. By stipulation, the “Roy Heirs” were included as parties to the rule, and the judgment on rule runs in their favor as well as “Acadian”.

. The pertinent language of the judgment of September 27, 1976 reads as follows: “IT IS ORDERED, ADJUDGED AND DECREED that Lafayette Airport Commission pay to Acadian Development Corporation interest at the rate of five (5%) per cent per annum from January 31, 1967 on the sum of NINE THOUSAND EIGHT HUNDRED FIFTY THREE AND NO/100 ($9,853.00) DOLLARS, and further pay to the Roy Heirs interest at the rate of five (5%) per cent per annum from November 8, 1966 on the sum of NINE THOUSAND SEVEN HUNDRED FIFTY FIVE AND NO/100 ($9,755.00) DOLLARS. All costs of these proceedings are cast on Lafayette Airport Commission.”