FOURNET, Chief Justice.
This is a suit for a declaratory judgment, in which the plaintiff, owner of one-twelfth of an undivided half interest in certain *958 lands [1] subject to a usufruct in fávor of the defendant, seeks a declaration that she, and not the usufructuary, is entitled to her prorata share of certain bonuses, delay rentals and royalties which have resulted or may result from an oil, gas and mineral lease covering the said lands. On application of the defendant this Court granted certiorari to review the decision of the Court of Appeal, Parish of Orleans (now Fourth Circuit), reversing the district court and upholding the plaintiff’s claims. See 119 So. 2d 519.
The facts are not in dispute. Dr. Wiley R. Buffington of New Orleans died on November 30, 1950 leaving a will under which he bequeathed his half interest in the community existing between himself and his wife to his collateral heirs (plaintiff and eleven other persons, all sisters and brothers or half-sisters and half-brothers of the decedent), subject to a usufruct thereon in favor of his said wife, Mrs. Rowena Morrison Buffington, relator herein and defendant in this litigation. In a judgment in the succession proceedings the legatees were placed in possession in accordance with the terms of the will.
A mineral lease with Salt Dome Production Company covering the land, dated February 13, 1958, was executed by the defendant and all collateral heirs, the plaintiff being represented in that lease by the defendant under a power of attorney executed by the plaintiff [2] on January 30, 1958 authorizing the defendant to represent her in the execution of a mineral lease on the land and to collect for her such bonuses, delay rentals, or royalties as might be due her as a result of the execution of the lease or the subsequent operations of the lessee.[3] The bonus which was paid for the execution of the lease was $11,994.30, and it is conceded that if plaintiff is entitled to a share by virtue of her one-twelfth ownership in an undivided half of the property, that share would be $499.80. The defendant received, in addition to the bonus and delay rentals payable to her as owner of an undivided half of the property, the portion of such sums as might be due the plaintiff (if any be due), and upon her refusal to deliver to the plaintiff any part of the bonus money or of the delay rental paid to her, this suit was filed wherein a declaratory judgment is sought decreeing plaintiff to *960 be entitled to her proportionate share of the bonus payments and to be the owner of •all delayed rental payments and all future royalties attributable to the undivided one twenty-fourth interest in the leased premises owned by her; the defendant joined in ■seeking a declaratory judgment determining the rights of the parties in these matters.
In the trial court, judgment was in favor of defendant[4] and plaintiff’s suit was dismissed; on appeal, the lower court’s judgment was reversed and a declaratory judgment was rendered in favor of plaintiff recognizing her as the owner of such •amounts of the bonus, delay rental and royalty payments as may have been paid or •as may hereafter become due to her as the owner of an undivided one twenty-fourth interest in the said property. The Court of Appeal, in reaching this result, relied on Gueno v. Medlenka, 238 La. 1081, 117 So.2d 817, as dispositive of the issues—observing specifically that what this Court said in the Medlenka case and what it, the Court of Appeal, was saying in the instant case was based entirely on the fact that, at the time of the commencement of the usufruct, there was neither lease nor production of minerals.
Counsel for defendant-usufructuary, conceding that under our ruling in the Medlenka case, supra, the usufructuary’s rights do not extend to royalties, submits that the Court of Appeal was in error in interpreting the said ruling as inferentially holding that the usufructuary is not entitled to bonuses or delay rentals either; that the erroneous interpretation arose because of a factual situation, which does not obtain here, namely, in the Medlenka case there was a conflict of leases, and the Court upheld the lease granted by the plaintiffs-landowners to the co-plaintiff lessee, declaring that the defendant-usufructuary was without right or interest in the oil, gas or other minerals under the land and therefore was without authority to grant a mineral lease to his codefendant lessee; but, according to counsel’s argument, there is not a line in the Medlenka opinion which could be interpreted as an adjudication of the issue, presented here for the first time in our jurisprudence, of who, as between usufructuary and naked owner, is entitled under the same lease to (a) bonus payments, and (b) delay rentals. Counsel then argues that bonus payments and delay rentals are in a different category, are in fact “civil fruits” under Articles 544,[5] 545 [6] and *962 547[7] of the Civil Code which the usufructuary gathers under the right to “lease to another” given her in Article 555 of the Code.[8] Counsel contends that the case of Milling v. Collector of Revenue, 220 La. 773, 57 So.2d 679, is applicable here, since it is directly concerned with bonus payments and delay rentals and points out the distinction between them on the one hand and royalties on the other. Finally, counsel submits, on the basis of an historical review of corresponding French law as expounded by the leading French commentators, that though the naked owner may have the right to lease, this does not necessarily entitle her to the right to any and all benefits of the lease. Consequently, the naked owner does not have the right to collect bonus payments and delay rentals as neither of these benefits can possibly be classified as “proceeds” from the subsequently drilled oil well.
Counsel for defendant is in error in his appreciation of the import of the decision in the case of Gueno v. Medlenka, supra, for it is decisive of the issues here presented and was properly so declared by the Court of Appeal. Under our jurisprudence, fugacious minerals are not subject to ownership apart from the soil of which they form a part, and the naked owner has exclusive right to explore his land, to extract therefrom and reduce to possession the minerals therein. By special provision of law as embodied in Article 552 of the Civil Code, the usufructuary has a right to the enjoyment and proceeds of mines and quarries in the land subject to the usufruct if they were actually worked before the commencement of the usufruct,[9] but this is in harmony with Article 533 of the Code defining usufruct as “the right of enjoying a thing, the property of which is vested in another, and to draw from the *964 same all the profit, utility and advantages which it may produce, provided it be with.out altering the substance of the thing.” Bonus payments are part of the consideration for granting a mineral lease, and since the naked owner has exclusive authority to grant a lease to drill, the compensation for the right of exploration is neces- ■ sarily his, as part of the consideration; the delay rentals paid by the lessee so as to be able to drill at a later date are clearly •in the same category.
The case of Milling v. Collector of Revenue, 220 La. 773, 57 So.2d 679, relied on by the defendant, was concerned with the declarations of Article 2402 of the Louisiana Civil Code concerning property which forms the community; what was said there can have no bearing on the question presented in the instant case.
. It is unnecessary to consider the plea of estoppel urged by the plaintiff-landowner, also advanced below but not considered by the Court of Appeal because of the decision reached.[10]
For the reasons assigned, the judgment of the Court of Appeal is reinstated and affirmed.

. Those lands consisting of 799.62 acres, are in the Parish of Pointe Ooopee and known as Belmont Plantation.

. The plaintiff, according to the petition, is a resident of South Carolina.

. The lease provided for the payment to . the lessors of $15 an acre as a bonus for the execution of the lease, and $10 per year per acre as delay rental on such land covered by the lease as the lessee might select to hold for future drilling operations. The delay rental payment was to begin with the second year of the lease, and there was also provided a royalty of one-eighth of all gas, oil and other liquid hydrocarbons which might be produced, and $1 per long ton for sulphur.

. The Court held for defendant-usufructuary in so far as bonus payments and delay rentals were concerned, but made no holding on the issue of royalties since at the time of filing of the suit no production of minerals had been obtained; shortly after, however, a producing oil well was brought in, and therefore, on appeal, the Court of Appeal passed on all three types of benefits.

. “All kinds of fruits, natural, cultivated or civil, produced, during the existence of *962 the usufruct, by the things subject to it, belong to the usufructuary.” La.Civil Code, Article 544.

. “Natural fruits are such as are the spontaneous product of the earth; the product and increase of cattle are likewise natural fruits.
“The fruits, which result from industry bestowed on a piece of ground, are those which are obtained by cultivation.
“Civil fruits are rents of real property, the interest of money, and annuities.
“All other kinds of revenue or income derived from property by the operation of the law or private agreement, are civil fruits.” La.Civil Code, Article 545.

. “Rents and income of property, interest of money, and annuities, and other civil fruits, are supposed to be obtained day by day, and they belong to the usufructuary, in proportion to the duration of his usufruct, and are due to him, though they may not be collected at the expiration of his usufruct.” La.Civil Code, Article 547.

. “The usufructuary may enjoy by himself or lease to another, or even sell or give away his right; but all the contracts or agreements which he makes in this respect, whatever duration he may have intended to give them, cease of right at the expiration of the usufruct.” La. Civil Code, Article 555.

. These provisions have been recognized as applicable to the production of oil and .gas. See Gulf Refining Co. v. Garrett, 209 La. 674, 25 So.2d 329, and comment *964 thereon in Gueno v. Medlenka, 238 La. 1081, 1090, 117 So.2a 817.

'. The contention was that since defendant'signed the mineral lease as plaintiff’s . agent and received the bonus, delay rentals' and possible royalties for her in a fiduciary capacity, defendant is estopped to assert an opposing claim to plaintiff’s fractional payments.