357 So.2d 1260 (1978)
Susan Michelle ALEXANDER, Plaintiff-Appellee,
v.
Hobert (Hobart) ALEXANDER, Defendant-Appellant.
No. 13521.
Court of Appeal of Louisiana, Second Circuit.
March 27, 1978.
Rehearing Denied May 10, 1978.[*]
*1261 Campbell, Campbell & Johnson by John T. Campbell, Minden, for defendant-appellant.
Shaw & Shaw, Homer, by James R. Hatch, Jonesboro, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied May 10, 1978.[*]
HALL, Judge.
Plaintiff's father died in late 1971, leaving a will by which he bequeathed all of his property to his brother, defendant herein, and by which he expressed his intent to disinherit plaintiff who was his only child. Plaintiff, defendant and decedent were all domiciled in California. The will was probated in California over the opposition of plaintiff. The will, including the disinherison of plaintiff, was valid under California law.
The decedent's sole or principal asset was an undivided interest in land located in Claiborne Parish, Louisiana. In 1973 defendant filed ex parte ancillary probate proceedings in Louisiana. Judgment was rendered ordering the will admitted to probate and executed, and recognizing defendant as universal legatee and as having inherited decedent's undivided interest in the land.
Plaintiff filed this suit in early 1976 for reduction of an excessive donation mortis causa infringing on her legitime as a forced heir under Louisiana law, for recognition of her ownership interest in the land, and for an accounting of timber sold and oil and gas lease monies received by defendant. After trial on stipulated facts and documentary evidence, judgment was rendered recognizing plaintiff as owner of a one-third interest in decedent's Louisiana estate, including the undivided interest in the land, together with all monies, royalties, revenues, produce and other benefits from the date of death of decedent, and ordering that defendant render an accounting of timber and forestry products, oil and gas royalties and lease monies, and other rents, products or revenues of the land since the date of decedent's death. Defendant appealed.
On appeal defendant contends:
(1) The will and disinherison is valid under California law which is applicable because all of the parties were domiciled in California and the will was executed in that state;
(2) The California probate judgment is entitled to full faith and credit in Louisiana and is res judicata as to plaintiff's rights in decedent's estate; and (3) Alternatively, defendant is required to account for oil and gas lease monies only from the date of plaintiff's demand under LSA-C.C. Art. 1515.

I.
The law of the situs (Louisiana) governs the disposition by testament of real (immovable) property. Succession of Goss, 304 So.2d 704 (La.App.3d Cir. 1974), writ refused 309 So.2d 339 (La.1975), U.S. cert. denied, Goss v. Zuckswert, 423 U.S. 869, 96 S.Ct. 133, 46 L.Ed.2d 99 (1975). Under Louisiana law, a person with one legitimate child (forced heir) must leave one-third of his property to the child. LSA-C.C. Art. 1493. The child may be deprived of his legitime by the testator by disinherison only for just cause expressed in the testament. LSA-C.C. Arts. 1617-1624. The testament in this case did not express good cause for disinherison. The child may not, therefore, be deprived of her legitime and is entitled to have the excessive donation reduced. LSA-C.C. Arts. 1502, 1504. The judgment recognizing her as entitled to one-third of the testator's immovable property in Louisiana is correct.
*1262 Appellant argues that the child's "status" as heir or nonheir or disinherited heir is to be determined by California law under the general conflicts of law rule that "status" is to be determined by the law of the domicile. Succession of Goss, supra. The controlling status here is that of legitimate child, which status admittedly existed under either California or Louisiana law. Under Louisiana law, a legitimate child is a forced heir. The rules governing forced heirship are effects of status, governed by the law of the place. Sun Oil Company v. Guidry, 99 So.2d 424 (La.App.1st Cir. 1957). Disinherison is not a status, but a method of disposition or nondisposition, governed by the law of the situs of immovable property.
Louisiana law is applicable and supports appellee's claim.

II.
Appellant contends the appearance in the California court of appellee's guardian opposing probate of the California will on the grounds of undue influence and incompetency, and the subsequent probate of the will by the California court is res judicata and bars appellee's claim to reduce the excessive donation. The California judgment is not res judicata as that proceeding involved an entirely different object and cause of action than is asserted in the instant proceeding. The plea of res judicata is without merit.

III.
The judgment ordered defendant to account for the proceeds from timber sales and mineral leases from the date of the testator's death. Appellant contends that oil and gas lease monies are "fruits" and that under LSA-C.C. Art. 1515 the donee must only restore fruits received after the date of demand, rather than from the date of the decedent's death, since the demand for reduction was made more than one year after the donor's decease.
LSA-C.C. Art. 1515 provides:
"The donee restores the fruits of what exceeds the disposable portion only from the day of the donor's decease, if the demand of the reduction was made within the year; otherwise from the day of the demand."
Appellant concedes that the proceeds of the sale of timber are not "fruits" and that he must account for such proceeds. Succession of Rugg, 339 So.2d 519 (La.App.2d Cir. 1976), writ refused 341 So.2d 897 (1977).
Appellant argues, however, that the proceeds received from oil and gas leases are fruits, citing Milling v. Collector of Revenue, 220 La. 773, 57 So.2d 679 (1952); and McElwee v. McElwee, 255 So.2d 883 (La. App.2d Cir. 1971), for which he need account only from the date of plaintiff's demand.
Appellee argues that oil, gas and minerals, like timber, are not fruits, but are incorporeal immovables, the proceeds of which must be accounted for from the date of decedent's death, citing King v. Buffington, 240 La. 955, 126 So.2d 326 (1961); Gueno v. Medlenka, 238 La. 1081, 117 So.2d 817 (1960); Jackson v. Shaw, 151 La. 795, 92 So. 339 (1922); Elder v. Ellerbe, 135 La. 990, 66 So. 337 (1914); and Article 18 of the Mineral Code, LSA-R.S. 31:18.
Milling held that bonuses and royalties from oil and gas leases affecting the husband's separate property are like rent derived from ordinary leases and are "profits" or "fruits" which fall into the community of acquets and gains under LSA-C.C. Art. 2402. McElwee, relying on Milling, held that royalties from leases affecting the wife's separate property are fruits which fall into the community under LSA-C.C. Art. 2386.
Elder and Jackson held that proceeds from oil and gas leases are not fruits gathered from the land to which a good faith possessor is entitled prior to demand by the true owner under LSA-C.C. Art. 3453, since fruits contemplated under those articles mean things produced and reproduced and not things which dissipate the principal.
Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576 (La.1975) recognized that a controversy exists over whether a *1263 good faith possessor is entitled to oil and gas lease royalties:
"There is some controversy as to whether mineral royalties are to be treated as fruits entitling a good faith possessor to retain them against the true owner. See Martel v. Hunt, 195 La. 701, 197 So. 402 (1940); Comment, The Measure of Damages for Unauthorized Production of Oil and Gas: The Role of Good and Bad Faith, 15 Tul.L.Rev. 291 (1941); Mason v. United States, 260 U.S. 545, 43 S.Ct. 200, 67 L.Ed. 396 (1923); Yiannopoulos, § 137, particularly notes 233 and 239, at 412 et seq."

The court awarded royalties accrued prior to demand to the good faith possessors under the extreme circumstances of that case in the interest of justice, but expressly declared it was not ruling on the issue and was not establishing either a general rule or an exception to a general rule.
Gueno and King held that a usufructuary is entitled to oil and gas lease proceeds from wells producing at the date of creation of the usufruct but not from wells drilled thereafter. These decisions were based primarily on the specific provision of LSA-C.C. Art. 552 which provides that a usufructuary is entitled to proceeds of mines and quarries actually worked before the commencement of the usufruct but has no right to mines and quarries not opened. However, discussion of the nature of oil and gas lease proceeds in those cases does lend support to the argument that such proceeds are not fruits. A usufructuary's right to lease proceeds is now governed by LSA-R.S. 31:188, et seq.
In Delcambre v. Dubois, 263 So.2d 96 (La.App.3d Cir. 1972), the court held that mineral lease royalties are not fruits to which a vendee in a sale with right of redemption is entitled under LSA-C.C. Art. 2575.
The results reached in the cases discussed dealing with "fruits" as contemplated by Civil Code articles dealing with community property, good faith possessors and sale with right of redemption are not necessarily controlling in determining whether oil and gas lease proceeds are fruits as contemplated by LSA-C.C. Art. 1515 dealing with reduction of excessive donations. "Fruits" has been given different interpretations in different contexts. See Yiannopoulos, Civil Law Treatise Property, § 20 and § 137. The position of a donee with respect to an excessive donation subject for a limited time to a right of reduction by a forced heir is different from that of a marital partner, a good faith possessor, or a vendee under a sale with right of redemption. A donation mortis causa infringing on the legitime is not null, but is subject to reduction by action of the forced heir which must be brought within five years from probate of the will. LSA-C.C. Arts. 1502 and 3542. The forced heir can protect himself as to all fruits accruing after the death of the donor by bringing his action within one year from the date of the donor's death. LSA-C.C. Art. 1515; Succession of Mulqueeny, 253 La. 595, 218 So.2d 607 (1969).
While the cases dealing with similar issues are interesting and helpful to an understanding of the development of mineral law and of interpretation of the term fruits, we believe the issue presented for decision in the case before us can be resolved by direct application of code articles, and the Mineral Code which substantially codifies the rationale of the Milling case. LSA-C.C. Art. 1515 provides that the donee must restore the "fruits" only from the date of demand where demand is made more than a year after the donor's death. Article 123 of the Mineral Code, LSA-R.S. 31:123, expressly provides that all payments to the lessor for the maintenance of a mineral lease and royalties paid to lessor are "rent." Mineral rights are incorporeal immovables. LSA-R.S. 31:18. Rent from the lease of immovable property is a civil fruit. LSA-C.C. Arts. 545, 499. Mineral lease proceeds are, therefore, fruits under LSA-C.C. Art. 1515. Thus, the donee need account for oil and gas lease proceeds only from the date of the forced heir's demand where the demand is made more than a year after the donor's death.
*1264 For the reasons assigned, the judgment is amended to require defendant to account for oil and gas lease proceeds only from the date of plaintiff's demand; and the judgment is recast as follows:
It is ordered, adjudged and decreed that the plaintiff Susan Michelle Alexander, be recognized as the legitimate child and legal forced heir of Frank Napoleon Alexander, deceased, and entitled to be and is hereby sent and placed into ownership and possession of a one-third (1/3) interest in the Louisiana estate of the deceased, Frank Napoleon Alexander, as her legitime, which estate consists of an undivided interest in the following described immovable property:
"The Northeast Quarter of Northwest Quarter (NE/4 of NW/4) and Southwest Quarter of Northwest Quarter (SW/4 of NW/4) of Section 3; and Northeast Quarter of Southeast Quarter (NE/4 of SE/4) and Southeast Quarter of Northeast Quarter (SE/4 of NE/4) of Section 4; all in Township 21 North, Range 5 West, containing 160 acres, more or less; AND the Southeast Quarter of Northeast Quarter (SE/4 of NE/4) and Northwest Quarter of Southeast Quarter (NW/4 of SE/4) and West Half of Southwest Quarter (W/2 of SW/4) of Section 28, and South Half of Southeast Quarter of Northeast Quarter (S/2 of SE/4 of NE/4) and East Half of Southeast Quarter (E/2 of SE/4) and Southwest Quarter of Southeast Quarter (SW/4 of SE/4) and South Half of Northwest Quarter of Southeast Quarter (S/2 of NW/4 of SE/4) of Section 29; and North Half of Northeast Quarter (N/2 of NE/4) and Southeast Quarter of Northeast Quarter (SE/4 of NE/4) of Section 32; and Northwest Quarter of Northwest Quarter (NW/4 of NW/4) of Section 33; and East Half of Southwest Quarter (E/2 of SW/4) of Section 34; all in Township 22 North, Range 5 West, containing 560 acres, more or less, both tracts containing 720 acres, more or less, in Claiborne Parish, Louisiana; AND 2.25 acres out of the Southwest corner of the Southeast Quarter of Northwest Quarter (SE/4 of NW/4) of Section 34, Township 22 North, Range 5 West, Claiborne Parish, Louisiana, described as BEGINNING at said Southwest corner and thence run East on forty line 200 yards; thence 44 yards to public road; thence West along South side of public road to West line of said forty; thence South 55 yards to place of beginning, containing in the aggregate 722.25 acres."
It is further ordered, adjudged and decreed that the defendant Hobert (Hobart) Alexander, render an accounting of the proceeds from the sale of timber and/or forestry products from the above described property since the date of death of said Frank Napoleon Alexander.
It is further ordered, adjudged and decreed that defendant render an accounting of the proceeds from oil and gas leases and any other rentals, production or revenue derived from the said described property since the date of judicial demand, May 7, 1976.
All costs of these proceedings, including the cost of appeal, are assessed to the defendant.
Amended and recast.
NOTES
[*] MARVIN, J., took no part in rehearing.