LOTTINGER, Judge.
This is a suit for a declaratory judgment brought by the naked owners of mineral rights, the grandchildren of Adella Blake Perkins, to determine their rights and those of the usufructuary of the mineral rights, Ethel Mae Perkins, the daughter of Adella Blake Perkins.
Plaintiffs-appellants contend the trial judge erred:
1. in not holding that a mineral right was a real right in land and a part of the land itself, prior to the Mineral Code;
2. in holding that the usufruct of a mineral right, prior to the amendment of the Mineral Code, was an imperfect usufruct, where the minerals were worked prior to the commencement of the usufruct; and
3. in holding that, prior to the Mineral Code, a usufruct of a mineral right, under C.C. Art. 552, where the drilling and production were after the commencement of the usufruct, included the minerals produced and the royalties, bonuses and rentals of a lease thereof.
In excellent written reasons for judgment which we adopt as our own, the trial judge properly disposes of the issues in this case.
“This is a suit for declaratory judgment brought by the naked owners of mineral rights to determine the rights of the usu-fructuary of the mineral rights.
“Mrs. Adella Blake Perkins died testate on November 17, 1973. The decedent’s will provided a lifetime usufruct of one-third of her estate to her daughter, Ethel Mae Perkins, and the naked ownership of the one-third to her grandchildren. Among the property owned by the decedent was an undivided one-twentieth (V20) interest in and to all the minerals and/or mineral royalties in eight thousand (8,000) acres, more or less, located in Pointe Coupee Parish, Louisiana.
“The rights of the parties are to be determined by the law and jurisprudence of this State as existing from November 17, 1973, the date of death of the testator, and January 1, 1975, this being the effective date of the Louisiana Mineral Code. Section 6 of Act 50 of 1974. Accordingly, all references to the Civil Code are to the Civil Code of 1870.
“It is undisputed that the jurisprudence in Louisiana prior to 1975 was that the usufructuary of land is not entitled to the proceeds of any mines, including oil and gas wells, opened subsequent to the creation of the usufruct, unless specifically granted such in the creation of the usufruct. La. C.C. Art. 552; Gueno v. Medlenka, 238 La. *1120 1081, 117 So.2d 817 (1960). In Buffington v. Buffington, 240 La. 955, 126 So.2d 326 (1961), the La. Supreme Court held that as between the usufructuary of land and the naked owner, the naked owner is entitled to bonuses and delay rentals, as well as royalties where at the time of the commencement of the usufruct, there was neither a lease nor production of minerals.
“In Gueno and Buffington, supra, the Court was defining rights of the usufructu-ary and naked owners of land and not of the rights of the usufructuary and naked owners of mineral rights. Therefore, these cases are not controlling as to the issue presented in the present case.
“La.C.C. Art. 533 provides:
‘Art. 533. Usufruct is the right of enjoying a thing, the property of which is vested in another, and to draw from the same all the profit, utility and advantages which it may produce, provided it be without altering the substance of the thing.
‘The obligation of not altering the substance of the thing takes place only in the case of perfect usufruct.
“La.C.C. Art. 534 provides:
‘Art. 534. There are two kinds of usu-fruct: Perfect usufruct, which is of things which the usufructuary can enjoy without changing their substance, though their substance may be diminished or deteriorated naturally by time or by the use to which they are applied; as a house, a piece of land, furniture and other movable effects.
‘And imperfect or quasi usufruct, which is of things which would be useless to the usufructuary, if he did not consume or expend them, or change the substance of them, as money, grain, liquors.
“La.C.C. Art. 536 provides:
‘Art. 536. Imperfect usufruct, on the contrary, transfers to the usufructuary the ownership of the things subject to the usufruct, so that he may consume, sell or dispose of them, as he thinks proper, subject to certain charges hereinafter prescribed.
“La.C.C. Art. 541 provides:
‘Art. 541. Usufruct may be established on every description of estates, movable or immovable, corporeal and incorporeal.
“From the foregoing articles it is apparent that a usufruct may exist on mineral rights and that such will be designated as an imperfect usufruct. The redactor’s comments to Article 193 of the Mineral Code provide:
‘This article solves a problem not yet treated by the courts. That a usufruct may exist on mineral rights is unquestioned. La.Civil Code art. 541 (1870). The very nature of usufruct is that it is the “use and enjoyment of a thing.” If the thing is an incorporeal which must be exercised to be enjoyed, such as a mineral servitude or mineral lease, there can be little question that the usufructuary should be entitled to make use of it according to its nature. Further, the usu-fructuary is charged to preserve the thing subject to the usufruct. Mineral rights, particularly servitudes and leases, cannot be preserved without being used. La.Civil Code arts. 535, 567 (1870). All of these principles are buttressed by common sense in this situation. The usufruct would be meaningless without the right to exercise the mineral right in question. The right to lease in this situation is granted in Article 118.’
“This Court concurs with the redactor’s comments to Article 193 of the Mineral Code that the right of the usufructuary to mineral rights are not subject to La.C.C. Art. 552. This article refers to the rights of a usufructuary of land. The application of Art. 552 to rights of a usufructuary of mineral rights would result in the usufruct being meaningless if mines were not opened at the time the usufruct was created. This Court believes Article 193 of the Mineral Code merely codifies the pre-1975 law relative to the rights of the usufructuary to mineral rights.
“The pertinent part of Article 193 of the Mineral Code provides:
‘... one who has the usufruct of a mineral right, as distinguished from the usu- *1121 fruct of land, is entitled to all of the benefits of use and enjoyment that would accrue to him if he were the owner of the right...
“Ethel Mae Perkins, as usufructuary of mineral rights, is entitled to the proceeds of any mineral lease, bonus, delay rentals and/or royalties produced or to be produced from mineral rights bequeathed to her as usufructuary in the testament of Adella Blake Perkins, during the life of the usu-fruct.”
In a supplemental brief, plaintiffs-appellants correctly point out that in November of 1973, La.C.C. art. 549 provided:
“If the usufruct includes things, which can not be used without being expended or consumed, or without their substance being changed, the usufructuary has a right to dispose of them at his pleasure, but under the obligation of returning the same quantity, quality and value to the owner, or their estimated price, at the expiration of the usufruct.”
Thus, since the instant usufruct is one over consumables, the usufructuary is obligated to restore to the naked owners a thing of the same quantity and quality or its estimate price, at the expiration of the usufruct.
Therefore, for the above and foregoing reasons, the judgment of the trial court is amended to make same subject to La.C.C. art. 549 as it existed on November 17,1973, and as amended, affirmed. All costs of this proceeding in both the trial court and this court are assessed to appellants.
AMENDED AND AFFIRMED.