STOKER, Judge.
This case involves the right of a redeemer to recover mineral royalties paid to his vendee upon redemption of a mineral servitude which had been sold while burdened with a lease of the right to explore and produce the minerals.
ASSIGNMENT OF ERROR
The plaintiff-appellant assigns as error the following:
The trial court erroneously held that, after selling and then redeeming a mineral servitude (which is encumbered by a producing mineral lease), the vendor is not entitled to an accounting and refund from the purchaser of all sums paid to the purchaser by the mineral lease.
FACTS
Plaintiff’s father executed a mineral lease to Inexco Oil Company granting the right to explore for and produce oil and gas on a tract of land. Drilling operations brought in a producing well, but plaintiff’s father died before receiving any royalty checks from Inexco. Plaintiff and his two sisters inherited the tract in question and began receiving royalties from Inexco. (The record does not disclose whether the sisters still had any interest in the tract at the time this litigation began.)
On June 12, 1975 plaintiff sold this tract to Robert Spears, reserving the right to explore for and produce any minerals on or under the tract conveyed. On June 9,1976 plaintiff sold to Peschier the mineral servitude reserved to himself in the Spears’ sale, burdened with the Inexco lease, with a right of redemption for $112,000 within five years. Pursuant to this sale, Inexco began making royalty payments to Peschier and after Peschier died on December 13, 1976, to his estate, defendant herein.
On August 19,1981 Fuselier timely exercised his right of redemption and resumed receiving all royalty checks.
Fuselier filed this lawsuit seeking, among other things, an accounting and refund of all royalty payments made to Pes-chier or his estate. Defendant filed a motion for summary judgment on the accounting and refund issue which the trial court granted. Plaintiff appeals from this judgment.
CONVEYANCE OF A MINERAL SERVITUDE
Plaintiff created a mineral servitude when he reserved the minerals to himself in the sale of the land to Spears. LSA-R.S. 31:16, 18, 21; Steele v. Denning, 445 So.2d 94 (La.App. 2d Cir.), affirmed, 456 So.2d 992 (La.1984). It was this mineral servitude which plaintiff subsequently sold to defendant under the language: “All of vendor’s mineral interest in and to any oil, gas or other minerals produced on the following described property....”
However, the mineral servitude was burdened with the prior recorded lease to Inexco which granted the right to explore for and produce any minerals on and under *579 the land. Therefore, defendant actually acquired through the servitude the right to receive mineral royalties as lessor and the future right to explore for and produce minerals upon expiration of the Inexco lease (provided plaintiff did not exercise his right to redemption).
RIGHT TO MINERAL ROYALTIES
Mineral royalties are civil fruits. See LSA-R.S. 31:123; LSA-C.C. arts. 495, 545; Milling v. Collector of Revenue, 220 La. 773, 57 So.2d 679 (La.1952); Alexander v. Alexander, 357 So.2d 1260 (La.App. 2d Cir.1978). We note that the case of Delcambre v. Dubois, 263 So.2d 96 (La.App. 3d Cir.1972), held otherwise in a fact situation similar to the case before us, but we find it has been overruled in that respect by LSA-R.S. 31:123, which became effective in 1975. Therefore, we are in accord with the rationale of the redactors of LSA-R.S. 31:123, as stated in the Official Comments, Paragraph 1:
“The obligation of a lessee to pay rent “at the terms agreed on” is stated in Article 2710 of the Civil Code. For pur-. poses of administering the mineral lessor-lessee relationship under the articles of the Civil Code applicable to ordinary leases, courts have long regarded production royalties as “rent.” E.g., Milling v. Collector of Revenue, 220 La. 773, 57 So.2d 679 (1952); Roberson v. Pioneer Gas Co., 173 La. 313, 137 So. 46 (1931); Logan v. State Gravel Co., 158 La. 105, 103 So. 526 (1925); Scott v. Hunt Oil Co., 152 So.2d 599 (La.App. 2d Cir.1963); Hatch v. Morgan, 12 So.2d 476 (La.App. 2d Cir.1942). See La.Civil Code art. 2671.”
We also agree with the rationale stated in Alexander:
“LSA-C.C. Art. 1515 provides that the donee must restore the “fruits” only from the date of demand where demand is made more than a year after the donor’s death. Article 123 of the Mineral Code, LSA-R.S. 31:123, expressly provides that all payments to the lessor for the maintenance of a mineral lease and royalties paid to lessor are “rent.” Mineral rights are incorporeal immovables. LSA-R.S. 31:18. Rent from the lease of immovable property is a civil fruit. LSA-C.C. Arts. 545, 499. Mineral lease proceeds are, therefore, fruits under LSA-C.C. Art. 1515.”
We find that mineral royalties are civil fruits which defendant, as vendee in a sale with a right of redemption, is entitled to keep until the right of redemption is exercised under LSA-C.C. arts. 2575 and 2586. Plaintiff is not entitled to an accounting and refund of royalty payments made to Peschier or his estate.
DECREE
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.