Charles D. MARSHALL, Jr. as Executor of the Estate of Catherine E. Potts Marshall

v.

UNITED STATES of America.

No. Civ.A. 98–1013.

United States District Court, E.D. Louisiana.

Sept. 30, 1999.

Hilton S. Bell, Sheila L. Moragas, Milling, Benson Woodward L.L.P., New Orleans, LA, for plaintiffs.

John M. Bilheimer, U.S. Dept. of Justice, Washington, DC, for defendant.

### ORDER AND REASONS

MENTZ, District Judge.

Plaintiff Charles D. Marshall, Jr., as Executor of the Estate of Catherine E. Potts Marshall ("Executor"), filed this suit for a refund of federal estate taxes and related interest in the amount of $349,311, plus interest. The parties stipulated the undisputed facts set forth by the Executor. The case is before the court on cross-motions for summary judgment. The court adopts the facts as stipulated by the parties, which are summarized as follows:

Catherine E. Potts Marshall (Mrs. Marshall) was married to Charles D. Marshall (Mr. Marshall), both of whom were domiciled in Louisiana. Mr. Marshall died on July 6, 1973. Mrs. Marshall, as usufructuary, and her five children as naked owners and residual legatees, accepted their legacies under Mr. Marshall's will unconditionally. During the course of Mrs. Marshall's usufruct over Mr. Marshall's royalty interest, Mrs. Marshall received royalties as usufructuary amounting to $768,141. Mrs. Marshall died on November 1, 1993.

The plaintiff Executor paid $800,000 in estimated estate taxes. In the subsequently timely filed estate tax return, the Estate claimed a deduction for a debt of $768,141 allegedly due pursuant to Louisiana law from Mrs. Marshall, as usufruct, to her children, as the naked owner's of their father's estate, for the royalties she received as usufruct from the date of his death, July 6, 1973 to November 1, 1993, the date of her death.

The IRS allowed the Estate a deduction in the amount of $30,850 as a debt of the decedent, representing the amount of royalties Mrs. Marshall received from July 6, 1973 to July 16, 1975; and disallowed as a deduction the royalties Mrs. Marshall received from July 17, 1975 until her death on November 1, 1993, in the amount of $737,291.

Following denial of timely appeals and claims for refund, the Estate filed this suit seeking a refund in the amount of $349,311, plus interest.

Under federal estate tax laws, the Estate is entitled to deduct amounts owed by the decedent at the time of her death. *See* IRC § 2053(a)(3) (providing that the value of the taxable estate is determined by deducting from the gross estate the amount of claims against the estate); 26 C.F.R. § 20.2053–4 (providing that claims against the estate are "the personal obligations of the decedent existing at the time of his death").

Despite having allowed a deduction for royalties received by Mrs. Marshall from the date of Mr. Marshall's death to July 16, 1975, the IRS contends that (1) under the pre–1975 law, the usufructuary had no obligation to account to a naked owner for a usufruct over mineral rights, and (2) if an accounting were required, the value would be determined at the commencement of the usufruct. The IRS further maintains that the July 16, 1975 amendment to the Louisiana Mineral Code, La. Rev.Stat. ann. § 31:194, absolved the usufructuary of the obligation to account to naked owners of mineral royalty interests. If the decedent was obligated to account to the naked owners for the value of all royalties she received during the entire term of her usufruct, then the Estate is entitled to an additional deduction under IRC § 2053(a)(3) in the amount of $737,291.00, resulting in a refund due in the amount of $349,311, plus interest.

At the time of Mr. Marshall's death on July 6, 1973, Louisiana law defined a usufruct as "the right of enjoying a thing, the property of which is vested in another, and to draw from the same all of the profit, utility and advantages which it may produce, provided it be without altering the substance of the thing." La. Civ.Code art. 533 (1870). At that time, the law provided that a usufruct may be either a perfect usufruct or an imperfect usufruct. La. Civ.Code art. 534 (1870). The Code defined a perfect usufruct as "of things which the usufructuary can enjoy without changing their substance, though their substance may be diminished or deteriorated naturally by time or by the use to which they are applied; as a house, a piece of land, furniture and other moveable effects." *Id.* The Code defined an imperfect usufruct as "of things which would be useless to the usufructuary, if he did not consume or expend them, or change the substance of them, as money, grain, liquors." *Id.* The Code made a further distinction between perfect and imperfect usufructs at the time of Mr. Marshall's death. Louisiana Civil Code articles 535 and 536 provided:

> **Art. 535.** Perfect usufruct does not transfer to the usufructuary the ownership of the things subject to the usufruct; the usufructuary is bound to use them as a prudent administrator would do, to preserve them as much as possible, in order to restore them to the owner as soon as the usufruct terminates.

> **Art. 536.** Imperfect usufruct, on the contrary, transfers to the usufructuary the ownership of the things subject to the usufruct, so that he may consume, sell or dispose of them, as he thinks proper, subject to certain charges hereinafter prescribed.

Louisiana Civil Code article 541 (1870) provided that a "[u]sufruct may be established on every description of estates, movable or immovable, corporeal and incorporeal."

Mr. Marshall used the following clear language to define the things included in the usufruct:

> I leave the disposable portion of my entire estate of which I shall die possessed, including everything to which I or my estate may be entitled, to my wife, Catherine Elizabeth Potts Marshall, and I also will and confirm to her the usufruct on the remainder of my estate, dispensing her from furnishing any bond as usufructuary. I confirm that my wife as usufructuary is to receive the income attributable to production from all royalty interest owned by me.

The court finds that Mr. Marshall granted to Mrs. Marshall an imperfect usufruct over his mineral royalty interests, and specifically included usufruct of future income attributable to those royalty interests.

At the time of Mr. Marshall's death, Louisiana Civil Code art. 549 provided that:

> If the usufruct includes· things, which cannot be used without being expended or consumed, or without their substance being changed, the usufructuary has a right to dispose of them at his pleasure, but under an obligation of returning the same quantity, quality and value to the owner, or their estimated price, at the expiration of the usufruct.

The court finds that article 549 applies to Mrs. Marshall's usufruct, pursuant to which an accounting obligation vested in the naked owners at the time of Mr. Marshall's death for the value of all income attributable to production from the royalty interest that she received during the entire period of her usufruct. To determine the value of the usufruct at the time of Mr. Marshall's death would ignore the provisions of Mr. Marshall's will granting Mrs. Marshall usufruct of future income from the royalty interest production. *See* La. Civ.Code Ann. art. 940 (1879) ("A succession is acquired by the legal heir, who is called by law to the inheritance, immediately after the death of the deceased per-

son to whom he succeeds"); *see also Succession of Blake,* 428 So.2d 1118 (La.App. 1st Cir.), *writ denied,* 433 So.2d 152 (La. 1983) (applying article 549 to a usufruct that commenced in 1973 and terminated in 1975); *Stewart v. Usry,* 399 F.2d 50, 57 (5th Cir.1968) (the naked ownership of the property passed to the children at the moment of their father's death); *Baten v. Taylor,* 386 So.2d 333, 340 (La.1979) (ownership is transmitted by operation of law at the moment of death to the heirs and legatees); *Succession of Doll v. Doll,* 593 So.2d 1239, 1255 (La.1992) (A succession is opened upon the death, and all rights vest at that time).

As originally enacted on January 1, 1975, article 194 of the Louisiana Mineral Code, La.Rev.Stat. ann. § 31:194, provided that the usufructuary of a mineral right was obligated to account to the naked owner for production or the value or other income to which he is entitled. This codified pre–1975 law relative to the rights of the usufruct of mineral rights. *See Blake,* 428 So.2d at 1120. The Legislature subsequently amended section 194, effective July 17, 1975, to provide that "a usufructuary of a mineral right is not obligated to account to the naked owner." Based on this amendment, the IRS takes the position here that Mrs. Marshall was no longer obligated to account to the naked owners for royalties she received on and after July 17, 1975 under her usufruct.

The court finds that the IRS's position violates article 214 of the Louisiana Mineral Code which clearly provides that:

> The provisions of this Code shall apply to all mineral rights, including those existing on the effective date hereof; but no provision may be applied to divest already vested rights or to impair the obligation of contracts.

In *Heirs of Viator v. Tri–Parish Investors,* 618 So.2d 36 (La.App. 3d Cir.1993), *writ denied,* 625 So.2d 167 (1993), the court rejected retroactive application of Mineral Code article 149, La.Rev.Stat. ann. § 31:149, stating: "[A] statute cannot be applied retroactively when it will divest already vested rights." *Id.* at 38; *see also Louisiana Land & Exploration Co. v. Pennzoil Exploration and Production Co.,* 982 F.Supp. 398, 402 (E.D.La.1997) ("Louisiana courts have not applied provisions of the Louisiana Mineral Code retrospectively when application would necessarily result in ... divesting vested property rights").

Having found that the interest of the naked owners vested upon Mr. Marshall's death, the usufructuary's accounting obligation was not divested by the subsequent amendment of § 31:194 effective July 17, 1995. Mrs. Marshal had the right to use and consume the royalty interests she received, but under article 549, she had the obligation to account and restore to the naked owners the value of the royalty income she received during the entire period of her usufruct. Pursuant to IRC § 2053(a)(3), the Estate was entitled to claim a deduction for the entire royalties received by Mrs. Marshall during her usufruct, and consequently, the Estate is entitled to a refund of federal estate taxes in the amount of $349,311, plus interest.

Accordingly,

IT IS ORDERED that the Motion for Summary Judgment on behalf of Charles D. Marshall, Jr. as Executor of the Estate of Catherine E. Potts Marshall is **GRANTED;** and the Motion for Summary Judgment on behalf of the United States of America is **DENIED.**