615 So.2d 492 (1993)
JFD, INC., Plaintiff-Appellee,
v.
Lita T. CHAPPUIS, et al., Appellee-Appellant.
No. 92-286.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
*493 John Y. Pearce, III, New Orleans, for JFD, Inc.
Dwight David Reed, Opelousas, for Lita T. Chappuis et al.
Eugene Patrick Matherne, Lafayette, for Patrick Roy.
Before GUIDRY, LABORDE and DECUIR, JJ.
DECUIR, Judge.
A concursus proceeding was instituted by JFD, Inc., the broker for payment of royalties under a division order, in order to resolve a dispute among lessors as to the proper distribution of royalties. The district court found the division order was a temporary arrangement subject to unilateral modification by either of the royalty owners by notice; and that lessor, Lita Chappuis, was entitled to royalty payments corresponding to her actual ownership interest from the time of her notice. Appellant, Patrick Roy, appeals. We affirm.

FACTS
By cash sale dated November 12, 1960, Lita Chappuis and her sisters, Ruth Roy and Zula Beaugh purchased a tract of land from their brother, Charles Thibodeaux. Lita Chappuis purchased a one-half undivided interest and her sister's each purchased a one quarter interest.
By instrument, dated December 2, 1975, the sister's granted an oil, gas and mineral lease to Oil and Gas Futures, Inc. The lease provided that delay rentals were to be distributed equally among the sisters. Shortly thereafter, the sisters signed a division order which provided that royalties were to be distributed equally among the sisters, one third to each. From 1978 to June 1990, royalties were paid in this manner to the sisters or their assigns. In June 1990, both of her sisters having died, Lita Chappuis made demand on JFD, Inc. to change the amount of royalties paid to each lessor to reflect their actual ownership interest.
JFD, Inc. filed a concursus proceeding with the Twenty-Seventh Judicial District Court on September 14, 1990. Patrick Roy, successor in title of Ruth Roy, filed a Motion for Summary Judgment and the parties submitted the case on briefs. The trial judge found that Lita Chappuis was entitled to a one-half interest in the royalty payments, from the time of her notice. Specifically, the trial court found that the division order was bilateral as between the lessor and lessee, but unilateral as between the lessors.
*494 Patrick Roy filed this appeal alleging that the trial court erred in finding that the division order was subject to unilateral modification and in granting Lita Chappuis' request for a change in royalty distributions.

CONCLUSIONS OF LAW
Appellant argues general contract principles in support of his contention that the trial court erred in finding the division order subject to unilateral modification. This line of argument is inappropriate in that a division order is a specific type of contract with established purposes and relationships.
La.R.S. 31:212.31(A)(2) defines a division order as follows:
(2) "Division order" means a contract of sale to the purchaser of oil or gas directing the purchaser to make payment for the value of the products taken in the proportions set out in the division order, which division order is prepared by the purchaser on the basis of the ownership shown in the title opinion prepared after examination of the abstracts and which is executed by the operator, the royalty owners, and the other persons having an interest in the production.
The essential purposes of the division order is to protect the lessee and purchaser from liability for improper payment of royalties. Williams & Meyers, Oil and Gas Law, §§ 701-711. As such, the division order is a contract between the lessee and the individual lessors and creates no legal relationship between the cosigning lessors. "Comment, Royalty Division Orders," 23 La.L.Rev. 571 (1963) see also, Farrell v. Simms, 209 La. 1072, 26 So.2d 143 (1946).
Appellant further argues that Gonsoulin v. Shell Oil Co., 321 F.Supp. 900 (W.D.La.1971) provides a basis for finding that Chappuis is estopped from asserting that royalties were wrongfully paid. This argument lacks merit. Gonsoulin held that the lessor was estopped from asserting that royalties were improperly paid against the lessee, not against a co-lessor receiving more than his share. In fact, the court in Gonsoulin pointed out that the complaining lessor's remedy was to pursue the co-lessor on the basis of unjust enrichment. In any event, appellant's estoppel argument fails because no legal relationship existed between Chappuis and the appellant under the division order.
With regard to appellant's contention that the trial court erred in granting Chappuis request to change the distribution of royalties, we find no error. The division order contained no fixed term. Instead it provided that the distribution order would remain in effect until notice from the lessors to the lessee or vice versa. Mrs. Chappuis provided that notice in June of 1990 and from that point forward, the agreement was no longer binding upon her. The trial court properly awarded her one half the royalty payments accruing since her notice.
Appellant benefitted for many years from the generosity of his aunt, and has no basis for complaint at this date. As Mrs. Chappuis has asserted no claim against past royalties, we need not address the issue of unjust enrichment.
For the foregoing reasons the judgment of the trial court is affirmed. All costs are assessed against defendant-appellant, Patrick Roy.
AFFIRMED.