**LOUISIANA LAND AND EXPLORATION COMPANY**

v.

**PENNZOIL EXPLORATION AND PRODUCTION COMPANY.**

**Civil Action No. 96–1779.**

United States District Court, E.D. Louisiana.

Oct. 27, 1997.

Charles Donald Marshall, Jr., Robert Timothy Lorio, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, LA, for Plaintiff.

Joe B. Norman, Michael D. Rubenstein, Liskow & Lewis, New Orleans, LA, Frank P. Simoneaux, Stephen Craig Carleton, Simoneaux & Carleton, LLC, Baton Rouge, LA, for Defendant.

## ORDER AND REASONS

FALLON, District Judge.

Before this Court are both plaintiff's and defendant's motions for partial summary judgment on the issue of interest on retained proceeds. For the following reasons, plaintiff's motion is GRANTED, and defendant's motion is DENIED.

## I. BACKGROUND

The issue before the Court is whether or not Pennzoil Exploration and Production Company ("Pennzoil") is legally entitled to interest on funds Louisiana Land and Exploration Company ("LL&E") withheld from it during a lengthy title dispute affecting lands LL&E subleased indirectly from Pennzoil.

LL&E established production in the disputed area, the Lake Gero Field, in October of 1970. Before commencing production, LL&E prepared a division order for each new well drilled.[1] LL&E drafted twenty-six such division orders, one for each new well drilled in the field. The division orders contained a clause giving LL&E the right to withhold proceeds from oil production in case of a controversy over ownership of the property covered by the lease and the attendant farmout agreement. A stipulation in these division orders relieved LL&E of an obligation to pay interest on any funds it withheld.

The title disputes continued from 1970 until 1992. LL&E then prepared a twenty-seventh and final division order indicating the proper ownership proportions of the Lake Gero Field. Pennzoil disputed the provision in the final order that relieved LL&E from paying interest on the retained proceeds. With this dispute unresolved, on September 11, 1995 LL&E mailed Pennzoil a check in the amount of $509,647.95, representing Pennzoil's share of the retained proceeds, minus its share of working expenses. The amount of the check did not include interest on the retained proceeds, and Pennzoil accepted the tendered amount under reservation of any right to interest and the right to dispute the deduction of working expenses.

The parties agree that no question of material fact exists as to whether interest is due on the withheld proceeds. The pertinent legal issues for this Court to decide are, first, whether at the time of the subject division orders, Louisiana law imposed an obligation on mineral lessees to pay interest on royalties withheld due to an admitted title dispute affecting ownership of the underlying property and production, and, second, if Louisiana law did impose such an obligation, did the later adoption of La. R.S. 31:138.1(B) retroactively void division orders which had waived such requirement.

## II. LEGAL STANDARD

Summary judgment will be granted only if the pleadings, depositions, answers to the interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56. In this analysis, the Court must view the facts and inferences from the evidence in the light most favorable to the non-moving party. See *Crescent Towing v. M/V Anax*, 40 F.3d 741, 743 (5th Cir.1994). Once the moving party has demonstrated that there is no genuine issue of material fact, the burden shifts to the non-moving party to prove that there is a genuine issue of material fact. See *Matsu-*

---

**1.** A division order is essentially a contract that confirms the division of interests and proceeds among all parties who own the production obtained from a well.

*shita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-moving party may not depend solely on denials contained in the pleadings, but must submit specific facts. *See* Fed.R.Civ.P. 56(e). Mere conclusory rebuttals by the non-moving party will not defeat a motion for summary judgment. *See Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.1992), *reh'g denied,* 961 F.2d 215 (5th Cir.1992), *cert. denied* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Moreover, if the factual context makes the non-moving party's claims implausible, the party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### III. ANALYSIS

Pennzoil argues that interest is owed because the withheld proceeds represent a debt arising ex contractu. According to Louisiana law, interest is recoverable from the time such debts become due, in this case when the minerals were produced. Pennzoil further argues that the division orders cannot modify this obligation because, in effect, the division orders are not contracts. LL&E responds that the division orders modified any preexisting contracts between the parties and therefore that the waiver of interest clause in the division orders eliminates any obligation LL&E would have otherwise been under to pay interest on the withheld amounts.

### A. DIVISION ORDERS AS CONTRACTS

■ The purpose of a division order is to protect the purchaser of the well production by authorizing the distribution of the proceeds of the production to certain identified persons in proportion to their respective ownership interests. *See Pan American Petroleum Corp. v. Long,* 340 F.2d 211 (5th Cir.1964). The essential purpose of the division order is to protect the lessee and purchaser from liability for improper payment of royalties. *See Williams & Meyers, Oil and Gas Law,* 701–711. A typical division order includes a covenant by the payee to provide satisfactory evidence of title and an authorization for the payor to withhold payment if the covenant is breached or if the payee's title is disputed.

Courts in Louisiana that have examined division orders have characterized them as contracts with established purposes and relationships. *See JFD Inc. v. Chappuis,* 615 So.2d 492, 494 (La.App. 3 Cir.1993). A division order is a contract between the lessee and the individual lessors. *See Id.* The Louisiana Mineral Code also states that a division order is a contract. *See* La. R.S. 31:212.31(A)(2) (West 1989).

In the present case, LL&E prepared and sent out twenty-six division orders. These orders were signed and returned by all parties, including Pennzoil, and were not revoked. Pennzoil thus entered into division orders which are considered contracts under Louisiana law and jurisprudence, and which contained the interest waiver clause discussed above.

### B. INTEREST NOT DUE WHEN A TITLE DISPUTE EXISTS

■ Louisiana law, in general, does not require that an operator of a well pay interest on money it withholds during an ongoing title dispute. *See Gulf Oil v. Olivier,* 412 F.2d 938 (5th Cir.1969); *see also Sohio Petroleum v. V.S. & P.R.R.,* 222 La. 383, 62 So.2d 615 (1952) (affirming the trial judge's finding that "it would have been difficult, and most unsafe" for the plaintiff to pay royalties, and interest thereon, until an order resolving the title dispute became final).

■ The reasoning behind this general rule is grounded in the basic notion of interest. Interest is the amount owed to the owner (here, Pennzoil) of the principal sum (here, the royalty) for the use of that principal sum. Louisiana law first asks whether it is possible for an interest to exist, which is born out of the principal sum. Interest cannot be due and payable if the ownership of the principal sum is in dispute. If a sum is not due and payable, it follows that neither is an interest due and payable. *See Phillips Petroleum v. Adams,* 513 F.2d 355, 365 (5th

Cir.1975). In *Gulf Oil v. Olivier*, the court ruled that the holder of the funds "could not safely make the [royalty] payments until the title question had been adjudicated." 412 F.2d 938, 945 (5th Cir.1969). The title dispute in the instant case evidences that interest could not be due and payable until the resolution of that dispute.

For reasons of equity, this Circuit has recognized an exception to the general rule that interest cannot be required when a dispute as to ownership exists. *See Phillips,* 513 F.2d at 365. Even when a dispute exists, interest may be expected of the holder of the disputed funds if he used those funds to his benefit while those funds were in his possession. "Consequently, [plaintiff] can claim interest ... only as 'compensation allowed by law for the use ... of money.'" *Id.* at 365. It has thus been a wise practice for a holder of funds in the midst of a title dispute to place those funds in the registry of the court so that he can protect himself from doubts as to whether he borrowed the funds. *See Sohio,* 222 La. 383, 62 So.2d 615. The court ruled in *Phillips* that the Phillips Petroleum Company had to pay interest because "Phillips placed the suspense money in its general account and used it, presumably, in the manner most advantageous to the corporate fisc." 513 F.2d at 366.

▓ In the instant case, LL&E admitted that "the proceeds on sales of production attributed to the property located in the Lake Gero Field" were "aggregated with LL&E's general corporate funds ... and used for general corporate purposes." (*See* Defendant's Exhibit 2.) That use would make LL&E not only a holder of, but also a borrower of, the royalty funds regardless of the ongoing ownership dispute of those funds.

However, as noted above, the division orders governing the wells drilled in the Lake Gero Field contain a clause which abrogates the interest payment that LL&E would otherwise owe Pennzoil. The court in *Phillips* explained that "whatever the equitable considerations may have been ... we could not have awarded interest in the face of the contractual prohibition thereof," (despite the showing of a use of the principal sum). 513

F.2d at 369. The controlling division orders in this case present the same contractual prohibition preventing the awarding of interest under an equitable rationale.

## C. RETROACTIVE APPLICATION OF La. R.S. 31:138.1(B)

▓ Pennzoil argues that La. R.S. 31:138.1(B), enacted in 1992, should be applied retrospectively in order to void the interest provision contained in the division orders. La. R.S. 31:138.1(B) provides that:

A division order may not alter or amend the terms of the oil and gas lease. A division order that varies the terms of the oil and gas lease is invalid to the extent of the variance, and the terms of the oil and gas lease take precedence.

Pennzoil contends that the legislative intent of this statute was that the statute apply retrospectively. Pennzoil, however, provides no evidence of such intent in any of its filings with this Court, and there is no mention of retrospective application in the statute itself. Further, upon its own investigation, this Court has found no evidence of legislative intent with regard to the retrospective application of this statute. Examination of the Louisiana Mineral code and case law, however, suggests that this statute should not be applied retrospectively.

La. R.S. 31:2 provides that:

The provisions of this Code are supplementary to those of the Louisiana Civil Code and are applicable specifically to the subject matter of mineral law. In the event of a conflict between the provisions of this Code and those of the Civil Code or other laws the provisions of this Code shall prevail.

La. R.S. 31:3 provides that:

Unless expressly or impliedly prohibited from doing so, individuals may renounce or modify what is established in their favor by the provisions of this Code if the renunciation or modification does not affect the rights of others and is not contrary to the public good.

La. R.S. 31:214 provides that:

The provisions of this Code shall apply to all mineral rights, including those existing

on the effective date hereof; but no provision may be applied to divest already vested rights or to impair the obligation of contracts.

Louisiana courts have not applied provisions of the Louisiana Mineral Code retrospectively when application would necessarily result in impairing contracts or divesting vested property rights. In *Win Oil Company, Inc. v. UPG, Inc.*, the court declined to apply La. R.S. 31:210.1 retrospectively, a statute which Pennzoil claims establishes Louisiana's public policy with respect to interest withheld on account of title disputes. 509 So.2d 1023 (La.App. 2 Cir.1987). Concerning La. R.S. 31:210.1, the court found that "La. R.S. 31:210.1, enacted in 1982, cannot be applied retroactively so as to entitle [a party] ... to interest on the funds held ... prior to the September 10, 1982 effective date of the statute." *Id.* at 1026. La. R.S. 31:210.1 specifically references La. R.S. 31:138.1(B) when it says that "[t]he provisions of this section shall not apply to payments due to any person afforded a remedy under R.S. 31:137 through 31:142 or under R.S. 31:212.21 through 212.23 for nonpayment or delayed payment of sums due." In *Heirs of Viator v. Tri–Parish Investors, Ltd.*, 618 So.2d 36 (La.App. 3 Cir.1993), the court again declined to apply a provision of the mineral code retrospectively citing La. R.S. 31:214.

In the instant case, retrospective application of La. R.S. 31:138.1(B) would impair the obligation of a contract, the division orders freely entered into by LL&E and Pennzoil. Pennzoil contracted away any right it may have had to interest, as it is allowed to do under La. R.S. 31:3. Having found the division orders to be contracts, this Court declines to impair the obligation of those contracts by retrospectively applying La. R.S. 31:138.1(B).

### IV. CONCLUSION

The dispute over the property interest in Lake Gero Field would ordinarily call for a denial of interest on any royalties withheld. LL&E's subsequent use of those royalties would then dictate that interest be required. Ultimately, the contractual provision which governs the relationship between Pennzoil and LL&E reverses that requirement. Pennzoil is entitled to interest accruing after, but not before, September 16, 1992, the date on which the dispute of ownership was resolved and the royalty made payable.

For the foregoing reasons, Plaintiff LL&E's motion for partial summary judgment is GRANTED. Defendant Pennzoil's motion for partial summary judgment is DENIED.